FILED

10/24/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 24-0631

Pamela D. Bucy
Chief Disciplinary Counsel
P.O. Box 1099
Helena, Montana 59624
Tel: (406) 442-1648
pbucy@montanaodc.org

Office of Disciplinary Counsel

BEFORE THE COMMISSION ON PRACTICE OF THE

SUPREME COURT OF THE STATE OF MONTANA

* * * * * * * * * * * * *

IN THE MATTER OF CRAIG R. BUEHLER, An Attorney at Law,

Respondent.

Supreme Court Cause No. _____

ODC File No. 23-101

**COMPLAINT**

**Rules 1.1, 1.3, 1.4, and 3.2, MRPC**

By leave of the Commission on Practice granted on October 8, 2024, the Office of Disciplinary Counsel for the State of Montana ("ODC"), hereby charges Craig R. Buehler with professional misconduct as follows:

**General Allegations**

1. Craig R. Buehler, hereinafter referred to as Respondent, was admitted to the practice of law in the State of Montana in 1978, at which time Respondent took the oath required for admission, wherein he agreed to abide by the Rules of

*Complaint* - Page 1

Professional Conduct, the Disciplinary Rules adopted by the Supreme Court, and the highest standards of honesty, justice and morality, including but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated.

2. The Montana Supreme Court has approved and adopted the Montana Rules of Professional Conduct ("MRPC"), governing the ethical conduct of attorneys licensed to practice in the State of Montana, which Rules were in effect at all times mentioned in this Complaint.

3. Respondent was hired to represent the Personal Representative ("PR") in a probate matter. The Devisee passed away in December of 2021. The Devisee had numerous children and stepchildren. The PR for the estate is a son of the Devisee and the Grievant is a daughter of the Devisee. There were numerous smaller issues with the administration of the probate; however, the primary issue is that Respondent issued incorrect distribution amounts to the beneficiaries.

4. A partial distribution was made in May of 2022. In August of 2022, Respondent sent a Final Distribution to all the heirs and asked for a notarized Acknowledgement. One (1) of the heirs, the Grievant in this matter, called Respondent immediately and indicated she was not comfortable signing without viewing a final accounting. Though requested in August, an accounting was not received until the end of November after the estate was closed with the Court. After reviewing the limited accounting provided, the heir suspected that the distribution

amounts were incorrect. She immediately notified the PR and requested a more detailed accounting. Not until February 2023, when the PR mailed out tax information and the residual checks to the heirs, did the Grievant receive the additional requested information. At this time, she confirmed the distribution amounts were incorrect as she had suspected.

5. In March of 2023, the PR texted the entire family and indicated that there "may have been an overpayment" and requested the money "be held" until it could be determined if a mistake had been made. Upon further examination, the PR and Respondent determined that the distribution amounts were incorrect. Regardless, the heirs were not formally notified of the error or provided correct distribution amounts. Several of the heirs called the Respondent and asked him to rectify the situation. In addition, a grievance was filed with ODC.

6. In April of 2023, an amended final accounting was sent out to all of the heirs. After receiving more documentation and the check book register, the heirs suspected that the distribution amounts were still not correct. One (1) of the heirs had an accountant review her calculations. Respondent was notified that the amounts were still incorrect. Again, all of the heirs were not notified of the continued error nor instructed on how to proceed.

7. After being contacted by ODC in May of 2023, Respondent acknowledged that the distribution amounts were in error. He acknowledged that he failed to consult

an accountant or any other professional person prior to issuing the final distribution and accounting. Even after learning that his final accounting was inaccurate, rather than engaging a professional person to evaluate the distributions, Respondent informed ODC that he was going to simply utilize the numbers supplied by the Grievant in this matter. Respondent further acknowledged that the distribution error may require the heirs to file an amended tax return. He acknowledged that he was untimely in filing and providing a final accounting to the heirs and admitted that a more timely filing of the final accounting may have allowed for an earlier discovery of the mistake. Assumedly, some of the heirs have spent some or all of their distributions. As of September 2024, Respondent has failed to rectify the correct distribution amounts.

## Count One

8. ODC realleges and incorporates paragraphs 1 through 7 of the General Allegations as if fully restated in this Count One.

9. Respondent admitted that he failed to review the calculations made by the PR. He further admitted that he did not have an accountant review the calculations prior to sending the final accounting or the amended final accounting. The results are that certain heirs were overpaid by $12,501.42 each, and others were underpaid by $25,002.84. That initial distribution occurred in August of 2022, and to date that error has not been corrected. Instead of hiring an accountant, reopening the estate,

*Complaint* - Page 4

and correcting the errors, Respondent has indicated he is just going to go with the numbers supplied by the Grievant in this matter.

10. While a mistake is not necessarily an ethical violation, consistently failing to obtain the necessary information and expertise to rectify the mistake for over two (2) years violates ethical responsibilities. Nine (9) innocent third parties are impacted by this mistake. Three (3) heirs were severely shorted on their inheritance, while six (6) others were overpaid. The heirs were only made aware of the errors due to the inquiries and insistence of the Grievant. The heirs are now expected to fix the mistake made by Respondent. Respondent has not offered to submit this error to his malpractice insurance; instead has indicated that he expects the overpaid heirs to rectify the situation.

11. Respondent's conduct outlined above constitutes a violation of Rule 1.1, Competence; MRPC.

## Count Two

12. ODC realleges and incorporates paragraphs 1 through 7 of the General Allegations and paragraphs 8 through 11 as if fully restated in this Count Two.

13. Here, while Respondent was able to provide an explanation for several of the anomalies with the probate, he is unable to provide an explanation for the delay in rectifying the errors. The initial distribution was made in August 2022. The initial accounting was not provided until November 2022. Upon receiving the accounting,

both the Respondent and the PR were notified of the errors. Subsequently, Respondent and the PR have been notified of additional errors in the distribution amounts. As of September 2024, the error has still not been rectified and the implications of the error are still not known or understood by the heirs.

14. Respondent's conduct outlined above constitutes violations of Rule 1.3, Diligence; and Rule 3.2, Expediting Litigation; MRPC.

## Count Three

15. ODC realleges and incorporates paragraphs 1 through 7 of the General Allegations and paragraphs 8 through 14 of Counts One and Two as if fully restated in this Count Three.

16. The Grievant requested detailed estate accounting for nearly two (2) years. She did so because she was concerned from the start of Respondent's representation of her brother, the PR of the estate, that Respondent was not providing her brother with sound legal advice or supervision. The Grievant continued to request information after receiving the initial accounting when she confirmed the distribution amounts were incorrect. She was entitled to this information under applicable statutes governing probate. Respondent's failure to provide this information further delayed the discovery of accounting errors. Since the discovery of the accounting errors, Respondent has failed to communicate with the heirs to inform them of how the errors will be handled.

*Complaint* - Page 6

17.  Respondent's conduct outlined above constitutes a violation of Rule 1.4, Communication; MRPC.

WHEREFORE, the Office of Disciplinary Counsel prays:

1. That a Citation be issued to the Respondent, to which shall be attached a copy of the complaint, requiring Respondent, within twenty-one (21) days after service thereof, to file a written answer to the complaint;

2. That a formal hearing be had on the allegations of this complaint before an Adjudicatory Panel of the Commission;

3. That the Adjudicatory Panel of the Commission make a report of its findings and recommendations after a formal hearing to the Montana Supreme Court, and, in the event the Adjudicatory Panel finds the facts warrant disciplinary action and recommends discipline, that the Commission also recommend the nature and extent of appropriate disciplinary action, including an award of costs and expenses incurred in investigating and prosecuting this matter; and,

4. For such other and further relief as deemed necessary and proper.

DATED this ___24___ day of October, 2024.

OFFICE OF DISCIPLINARY COUNSEL

By: ___Pamela D. Bucy___
Pamela D. Bucy
Chief Disciplinary Counsel

*Complaint* - Page 7

# CERTIFICATE OF SERVICE

I, Pamela D. Bucy, hereby certify that I have served true and accurate copies of the foregoing Complaint - Formal Complaint and Citation to Appear to the following on 10-24-2024:


Commission on Practice (Other)
301 S. Park Ave. Suite 328
PO Box 203005
Helena MT 59601
Representing: Self-Represented
Service Method: E-mail Delivery

Shelly Smith (Court Reporter)
Office Administrator
Supreme Court Boards and Commissions
P.O. Box 203002
301 S. Park Ave., Ste. 328
Helena MT 59624
Service Method: eService
E-mail Address: shellysmith@mt.gov


Electronically signed by Shelby Streib on behalf of Pamela D. Bucy
Dated: 10-24-2024